IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASCENDANT RENEWABLE ENERGY CORPORATION, | § § § § § | |
| Plaintiff, | | |
| v. | § § | Civil Action No. 3:14-CV-3314-K |
| TANG ENERGY GROUP, LTD., KEITH P. YOUNG, MITCHELL W. CARTER, JAN FAMILY INTERESTS, LTD., THE NOLAN GROUP, INC. and SOARING WIND ENERGY, LLC., | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendant Tang Energy Group, Ltd.'s ("Tang") Motion for Summary Judgment (Doc. No. 18); (2) Plaintiff Ascendant Renewable Energy Corporation's ("Ascendant") Cross-Motion for Summary Judgment (Doc. No. 42); (3) Non-party AVIC International USA, Inc.'s ("AVIC") Motion to Intervene for the Limited Purpose of Moving to Disqualify Counsel and to Strike Pleadings Filed by Disqualified Counsel (Doc. No. 58); and (4) Ascendant's Motion for Protection and to Stay Arbitration (Doc. No. 65). After careful consideration of all pending motions, the responsive briefing, the relevant record, and the applicable law, the

Court **DENIES** AVIC's motion to intervene and **DENIES as moot** Ascendant's motion for protection and stay. For the following reasons, the Court **DENIES** Tang's motion for summary judgment and **GRANTS in part and DENIES in part as moot** Ascendant's motion for summary judgment.

## I. Factual and Procedural Background

The following facts are not disputed by the parties. On June 13, 2014, Defendant Tang initiated an arbitration proceeding against eight respondents pursuant to the arbitration clause of the Limited Liability Company Agreement of Soaring Wind Energy, LLC ("Agreement"). Plaintiff Ascendant is one of the named respondents, but is not a signatory to the Agreement. Before the arbitration panel, Ascendant objects to the arbitration arguing there is no jurisdiction because Ascendant is a non-signatory to the Agreement, and Ascendant will not consent to or participate in the arbitration. Also before the arbitration panel, Tang has asserted that under a theory of alter ego, Ascendant is subject to the arbitration clause of the Agreement.

Ascendant filed this declaratory judgment action, asking this Court to declare: (1) the issue of whether Ascendant, a non-signatory, is a proper party to the arbitration cannot be determined by the arbitration panel; (2) the issue of whether Ascendant, a non-signatory, is a proper party to the arbitration can only be

determined by a court of law; (3) no determination, finding, or decision made in arbitration as to jurisdiction over or as to the party-status of Ascendant is valid, binding, effective, or controlling; and (4) a stay of all arbitration proceedings until this case is decided.  Defendants Tang, Mitchell W. Carter ("Carter"), Jan Family Interest, Ltd. ("JFI"), The Nolan Group, Inc. ("Nolan") and Soaring Wind Energy, LLC ("Soaring Wind") filed a counterclaim for declaratory judgment asking this Court to declare:  (1) the arbitration panel has authority, right and jurisdiction to determine whether Ascendant is a proper party to the arbitration and whether jurisdiction exists over Ascendant in the arbitration, subject to independent judicial review; and (2) alternatively, should the Court rule that neither the AAA nor any arbitration panel can consider Ascendant's objection to jurisdiction, then Defendants seek leave to join remaining AVIC entities as third-party defendants and seek a declaration that all AVIC entities are proper parties to arbitration.  In his counterclaim for declaratory judgment, Defendant Keith P. Young also asks that should the Court declare the arbitration panel cannot consider Ascendant's objection to jurisdiction, that the Court declare that Ascendant is a proper party to the arbitration.  Although all the Defendants have joined in Tang's summary judgment motion, the Court will refer to the collective motion as "Tang's motion."

II. Analysis

   A. Applicable Law

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc..,* 402 F.3d 536, 540 (5th Cir. 2005).

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their

jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 289.

The Supreme Court has declared that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* "is a congressional declaration of a liberal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24 (1983). Further, federal policy strongly favors the enforcement of arbitration agreements. *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 217 (1985); *Texaco Exploration and Production Co. v. AmClyde Engineered Products Co., Inc.,* 243 F.3d 906, 909 (5th Cir. 2001). However, because arbitration is necessarily a matter of contract, courts may require a party to submit a dispute to arbitration only if the party has expressly agreed to do so. *Personal Security & Safety Sys. Inc. v. Motorola Inc.,* 297 F.3d 388, 392 (5th Cir. 2002)( citing *AT&T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648 (1986)). Although there is a strong federal policy favoring arbitration, the court does not defer to this policy when making the initial determination about the existence of an agreement to arbitrate. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008)(internal citations omitted)*; Will-Drill Res., Inc. v. Samson Res. Co.,* 352 F.3d 211, 214 (5th Cir. 2003).

### B. Application of the Law to the Facts

Controlling law is very clear that the threshold issue of whether Ascendant, a non-signatory to the contract containing the arbitration clause, is bound to arbitrate is for a court, not an arbitrator, to determine in the first instance. It is undisputed that Ascendant is not a signatory to the Agreement. The Fifth Circuit has held that "[when] the very existence of any agreement [to arbitrate] is disputed, it is for the courts to decide at the outset whether an agreement was reached." *Will-Drill,* 352 F.3d at 218-19 ("[W]here the very existence of an agreement is challenged, ordering arbitration could result in an arbitrator deciding that no agreement was ever formed [and] [s]uch an outcome would be a statement that the arbitrator never had any authority to decide the issue."). Ascendant, an undisputed non-signatory to the Agreement, attacks the very existence of an agreement to arbitrate with Tang or any other respondent. The Fifth Circuit has expressly held that a court, not an arbitrator, must resolve whether an agreement to arbitrate exists that would require Ascendant to participate in the underlying arbitration. *Id*; *see DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 317 (5th Cir. 2011). Furthermore, the Fifth Circuit has expressly held that when a dispute centers on whether the parties actually entered into an agreement at all, like this one, a court would owe no deference to any decision by the arbitrator as

to jurisdiction over or party-status of Ascendant. *See DK Joint Venture*, 649 F.3d at 317.

The Court finds Tang's arguments unpersuasive. Every case Tang cites in support of its argument involves a petition or motion to confirm or vacate an arbitration award; the arbitrator's about whether a non-signatory was bound by the arbitration clause was addressed for the first time by a court after the conclusion of the arbitration. In this case, Ascendant filed this declaratory action in response to being named a respondent in the Arbitration and has objected to and not participated in the Arbitration; this case was not filed in response to any action taken by the arbitration panel. Also, alternative theories of binding Ascendant to the arbitration clause under the Agreement are not before this Court.

The Court **grants** Ascendant's cross-motion for summary judgment declaring that Ascendant's party status to the arbitration can only be determined by a court, and not an arbitrator, and no determination by the arbitration panel as to jurisdiction over or party-status of Ascendant is controlling on a court. In its motion for summary judgment, Ascendant also moved to stay all actions related to the arbitration pending the outcome of this case which the Court **denies as moot**. The Court **denies** Tang's motion for summary judgment. All other relief not specifically addressed herein is expressly **denied**.

ORDER – PAGE 7

## III.     Conclusion

AVIC's motion to intervene is **denied** and Ascendant's motion for protection and stay is **denied as moot**.  Tang's motion for summary judgment is **denied.** Ascendant's motion for summary judgment is **granted** as to: (1) whether Ascendant, a non-signatory to the Agreement, can be subject to arbitration based on the arbitration clause of the Agreement is for a court, not the arbitration panel, to decide because Ascendant disputes the very existence of an agreement between these parties; and (2) because the existence of any agreement between these parties is in dispute, any determination by the arbitration panel as to the jurisdiction over Ascendant is not controlling on a court.  Ascendant's requested relief of a stay of the arbitration action pending outcome of this case is **denied as moot**.

**SO ORDERED.**

Signed August 4th, 2015.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE